1  David Foyil SBN 178067
   EqualJusticeLawGroup.com,Inc.
2  11400 State Highway 49 STE A
   Jackson, CA 95642-9469
3  Telephone:  (209) 223-5363
   Facsimile:    (209) 702-0001
4  E-mail: mail@equaljusticelawgroup.com

5  Attorney for Debtor,
   MICHAEL YBARRA ,
6

7

8             UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF CALIFORNIA
9                  SACRAMENTO DIVISION

10 In Re:                          )    Case No. 2019-25214
                                   )
11     MICHAEL YBARRA ,            )    Doc. No: DEF-002
                                   )
12     Debtors.                    )    MOTION  TO  CONFIRM  SECOND
                                   )    AMENDED CHAPTER 13 PLAN
13                                 )
                                   )    Date:    April 21, 2020
14                                 )    Time:    10:00 A.M.
                                   )    Judge:   Christopher D. Jaime
15                                 )    Place:   Department B, Courtroom 34
                                   )             United States Bankruptcy Court
16                                 )             500 I Street, Sacramento, CA
                                   )
17 _____ )

18     TO ALL PARTIES OF INTEREST AND THEIR ATTORNEYS:

19     Debtor, by and through his attorney David Foyil of EqualJusticeLawGroup.com, Inc.,

20 hereby request that Debtor's Second Amended Chapter 13 Plan be confirmed as follows:

21                          **<u>DURING BANKRUPTCY</u>**

22     1. The Debtor filed the petition in this case on August 20, 2019, due to an over

23 extension of debt which he could no longer afford to service.

24     2.  The Meeting of Creditors was held on October 2, 2019, and continued to October

25 16, 2019.

26     3. On October 4, 2019, the trustee filed an Objection to Confirmation because debtor

27 failed to bring his Social Security card to the meeting, which resulted in the Meeting of

28 Creditors being continued to October 16, 2019.

1    4. On October 24, 2019, the trustee withdrew his Objection to Confirmation.

2    5. On October 16, 2019, the Motion to Confirm the First Amended Chapter 13 Plan

3    was filed. On December 2, 2019, the trustee filed an Opposition to the Motion to Confirm the

4    First Amended Chapter 13 Plan. On December 17, 2019, the Court denied the Motion to

5    Confirm the First Amended Chapter 13 Plan.

6    6. On February 4, 2020, the trustee filed a Motion to Dismiss.

7    **SECOND AMENDED CHAPTER 13 PLAN**

8    7.  The Second Amended Chapter 13 Plan is being filed because the debtor needed

9    to propose a more feasible plan.   The proposed Second Amended Chapter 13 Plan provides

10   for the following creditors:

11   **A. Class 1 Creditor- Lakeview Loan Servicing, LLC c/o Cenlar FSB**

12   8. The chapter 13 plan provided for Lakeview Loan Servicing, LLC c/o Cenlar FSB

13   as Class 1 Creditor with the total amount of arrears being forty-one thousand four hundred

14   thirty-one and 99/100 dollars ($41,431.99).

15   9. On October 29, 2019, Lakeview Loan Services, LLC c/o Cenlar FSB filed a Proof

16   of Claim. The total amount arrears listed within the Proof of Claim was forty-one thousand four

17   hundred thirty-one and 99/100 dollars ($41,431.99) and the ongoing monthly payment was

18   listed at two thousand six hundred twelve and 86/100 dollars ($2,612.86).

19   10. The Second Amended Chapter 13 Plan provides for Lakeview Loan Services, LLC

20   c/o Cenlar FSB as Class 1 Creditor with the total amount of arrears of forty-one thousand four

21   hundred thirty-one and 99/100 dollars ($41,431.99) and the ongoing monthly payment as two

22   thousand six hundred twelve and 86/100 dollars ($2,612.86).

23   **B. Class 2 Creditor- Twenty-One-Eighty-Five, LLC c/o State Farm Bank**

24   11. The Chapter 13 Plan provided for Twenty-One-Eighty-Five, LLC c/o State Farm

25   Bank as a Class 2 Creditor in the amount of thirteen thousand five hundred forty-one dollars

26   ($13,541), with an interest rate of 4.84 percent (4.84%).

27   12. On January 9, 2020, Twenty-One-Eighty-Five, LLC c/o State Farm Bank filed a

28   
- 2 -

1  Proof of Claim in the amount of eleven thousand three hundred sixty-eight and 97/100 dollars

2  ($11,368.97).

3        13. The Second Amended Chapter 13 plan proves for Twenty-One-Eighty-Five, LLC

4  c/o State Farm Bank as a Class 2 Creditor in the amount of eleven thousand three hundred

5  sixty-eight and 97/100 dollars ($11,368.97), with an interest rate of 4.84 percent (4.84%).

6                              **SECTION 1322 ANALYSIS**

7        14. Based upon the foregoing and the evidence in support of this motion, Debtor

8  asserts that the proposed plan complies with section 1322 as follows:

9        A. The schedule I filed concurrently herewith, lists all future projected earnings and

10 all other income. The Debtor also asserts that he has reasonably projected all his expenses

11 within Schedule J. The Debtor asserts that he has provided for the submission of all or such

12 portion of future earnings or other future income of the debtor to the supervision and control

13 of the trustee as is necessary for the execution of the plan, such that all of his monthly

14 disposable income from his projected future earnings after deduction for his reasonable

15 expenses are to be paid to the chapter 13 trustee in order to fund the proposed plan.

16       B.  According to the Debtor, he does not have any unsecured priority debt.

17       C.  The plan is comprised of seven different classes (as provided using the

18 mandated local form adopted for use by the Eastern District of California for use in all Chapter

19 13 cases. As mandated within said form, the claims of creditors within each class shall

20 receive the same treatment within each respective class.

21       D.  No creditor entitled to priority under Section 507 shall receive less than full

22 payment of the amount of that portion of its claim which is either secured or entitled to priority.

23  Accordingly, Section 1322(a)(4) is not applicable to this proceeding.

24       E.  The only class of unsecured creditors in this case are those identified as Class

25 7 claims as provided within the mandated Eastern District of California form plan. All claims

26 within this class shall receive identical treatment and shall be paid a dividend of zero percent

27 (0%). All creditors in this case are "consumer debts." No person or entity who has any claim

28                                    - 3 -

or right superior to any creditor classified as a general unsecured claim shall receive any right or treatment under the plan in priority inferior to any Class 7 claim.  However, it should be noted that the plan does provide that the Debtor shall retain all exempt property as part of this plan.

F.  The Debtor has one creditor listed as  Class 2 pursuant to the Court's mandated form plan (Secured Creditors Whose Claims are Modified by the Plan).

G.  The plan provides to pay this unsecured priority claim in full, which, of course, will cure any and all defaults.  The plan proposes to discharge all general unsecured claims.

H.  No unsecured claim shall be paid prior to or concurrent with any secured claims.

I.  Debtor does not anticipate any claims subject to Section 1305.  This plan does not provide for nor include any post-petition claims.

J.  There are no executory contracts nor unexpired leases at issue in this proceeding.

K.  The Debtor is funding this plan solely from the contribution of his future monthly disposable income.  He has not proposed the sale or liquidation of any property in order to fund any part of the proposed plan.

L.  The plan provides that the assets of the bankruptcy estate shall not re-vest to the debtor until conclusion of the case.

M.  The Debtor has filed the required form B22 which sets forth the Debtor's income during the six month period immediately preceding this case and her monthly expenses as provided pursuant to the maximum monthly limitations as determined to be reasonable under section 1322(d).  Accordingly, the proposed plan shall not be less than five years, and the Debtor has projected a monthly chapter 13 plan payment which exceeds the minimum amount to which holders of general unsecured claims would be entitled to received pursuant to Section 1322(d)

N.  The proposed plan does not propose to alter any contractual agreement to repay any loan described in Section 362(b)(19).  Therefore, the Debtor has provided the same treatment for each claim within a particular class of claims.

15. The Second Amended Chapter 13 Plan complies with 1322(b). The Debtor asserts that he did not discriminate unfairly against any class that was provided in section 1122 of this title [11 USCS Section 1122];

1.        The Chapter 13 Plan lists one secured creditors as Class 2 creditor. The Debtor asserts that he only modified the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

2.        This Chapter 13 Plan provides for the curing or waiving of any default;

3.        This Chapter 13 Plan provides for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

4.        The Chapter 13 Plan pays any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

5.        The Chapter 13 Plan provides for the payment of all or any part of any claim allowed under section 1305 of this title [11 USCS Section 1305;

6.        The Chapter 13 Plan provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under section 11 USCS Section 365;

7.        The Chapter 13 Plan provides for the payment of all or part of a claim against the Debtor from property of the estate or property of the Debtor;

8.        The Chapter 13 Plan provides for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity;

9.        The Chapter 13 Plan provides for the payment of interest accruing after

the date of the filing of the petition on unsecured claims that are
nondischargeable under section 1328(a) [11 USCS Section 1328(a)],
except that such interest may be paid only to the extent that the debtor
has disposable income available to pay such interest after making
provision for full payment of all allowed claims; and includes any other
appropriate provision not inconsistent with this title.

16. The Chapter 13 Plan complies with 1323(c) the debtor declares that:

A.     Any holder of a secured claim that has accepted or rejected the plan is
deemed to have accepted or rejected, as the case may be, the plan as
modified, unless the modification provides for a change in the rights of
such holder from what such rights were under the plan before
modification, and such holder changes such holder's previous
acceptance or rejection.

17. The Chapter 13 Plan complies with 1325(a) the debtor declares that:

A.     The Plan complies with the provision of this chapter and with other
applicable provisions of title 11 of the United States Code;

B.     Any fees or charges required by 28 U.S.C. Section 123 have been paid
in full;

C.     The plan is proposed in good faith and not by any means forbidden by
law;

D.     The value, as to the effective date of the plan, of property to be
distributed under the plan on account of each allowed unsecured claim
is not less than the amount that would be paid on such claim if the estate
of the debtor were liquidated under chapter 7 of title 11 of the United
State Code on such date;

E.     All secured creditors provide for have either accepted the plan or the
debtor has provided for the surrender of property securing their claims,
and the plan provides to pay the creditors pursuant to section

1325(a)(5)(B);

F.        Debtor will be able to make the plan payments under the plan and comply with the plan;

G.        Debtor's petition was filed in good faith;

H.        Debtor has paid any and all amounts that are required (if any) to be paid under a domestic support obligations and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order or by statute, to pay such domestic obligation; and

I.        Debtor has filed all tax returns that are required to be filed.

18. The Chapter 13 Plan meets the requirements set out in 11 U.S.C. §§1322(a), 1322(b), 1323(c), and 1325(a) for confirmation of chapter 13 plans.

19. The Debtor asserts that by proposing a reasonable budget and proposing to pay all of his monthly disposable income to the chapter 13 trustee for the five year term of the plan, by not retaining any non-exempt property, nor proposing to retain any assets which are not reasonable and necessary to an effective reorganization, that he filed the petition in good faith and is his best effort to resolve his debt problems.

**Fees**

20. The Debtor has paid all fees or charges required by the Court.

**Assets and Exemptions**

21. The value of the real and personal property has been listed within Schedules A and B. All of these assets have been exempted under California C.C.P. § 704.010 et. sec. or C.C.P § 703.140(b).

**Chapter 7 Liquidation**

22. To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. In addition to an analysis of Schedules A, B, and C, the Chapter 13 Statement of Current Monthly Income and Calculation

of Commitment Period and Disposable Income ("Form B22C") was used to compute a Chapter 7 liquidation test with figures from 6 months of pay advices prior to the filing. According to the Form B22C the household annualized current monthly income is twenty-two thousand four hundred forty-nine and 12/100 dollars ($22,449.12). The median family income for the applicable state and household size is ninety-six thousand eight hundred thirteen dollars ($98,813). According to the calculation required by the Form B22C the applicable commitment period is three years. There is no disposable income determined under section 1325(b)(3).

**Feasibility**

23. Having reviewed the Chapter 13 Plan, including the "Plan Payments and Term" (which outlines both the monthly payments to the Chapter 13 trustee and the period of time that the debtor will make those payments), as well as the applicable "Additional Provisions," if any, he believes that he will be able to make these payments to the Chapter 13 trustee; and, the Debtor is willing to do so.

**Income and Expenses**

24. My income was calculated by reviewing debtor's wife and his pay advices. The average income listed within his Schedule I is five thousand four hundred fifty and 83/100 dollars ($5,450.83). The total monthly expenses listed within the Schedule J are two thousand forty and 83/100 dollars ($2,040.83). The debtor can afford this payment because the disposable income is three thousand four hundred ten dollars ($3,410).

25. The Debtor has filed the Updated Schedule I and Schedule J concurrently to show the current income and expenses. The changes to the Schedule I and J are as follows:

**A. Jenny Ybarra's Income**

26. Debtor's previous Schedule I listed his wife's income, Jenny Ybarra, in the amount of nine hundred dollars ($900). Debtor's wife's income is now less, therefore, he has changed it on the updated Schedule I. Debtor's wife's income is seven hundred twenty 83/100 dollars ($720.83).

**B. Childcare and children's education expenses**

- 8 -

27. Debtor's childcare and children's education expenses were listed as four hundred fifty dollars ($450). This was incorrect. Debtor has been spending two hundred eighty and 83/100 dollars ($280.83) per a month on child care expenses.

28. The Debtor can afford the payment increase in month 25 because his wife will be earning more money. The debtor's wife is a relator and is building a business. The debtor believe that her income will be higher in month 25 and she will be able to afford to contribute to the chapter 13 plan.

**Domestic Support Obligations**

29.  The Debtor does not have any domestic support obligations.

**Tax Returns**

30.  The Debtor has filed all federal, state, and local tax returns required of him for tax periods ending four years prior to the petition date.

**Modified Plan**

31. The Bankruptcy Code allows debtor to request modification of his plans at any time after confirmation of the plan but before the completion of payments under such plan for the purpose of increasing or reducing the amount of payments, extending or reducing the time for such payments, altering the amount of the distribution of a creditor, or reducing amounts to be paid to allow debtor to purchase heath insurance. See 11 U.S.C. §§ 1329 (a).

WHEREFORE, Debtor requests that his Second Amended Chapter 13 Plan be confirmed.

DATE: <u>February 13, 2020</u>          <u>/s /David Foyil      </u>
                                        David Foyil,
                                        Attorney for Debtor.