David Foyil SBN 178067
EqualJusticeLawGroup.com,Inc.
11400 State Highway 49 STE A
Jackson, CA 95642-9469
Telephone:  (209) 223-5363
Facsimile:　 (209) 702-0001
E-mail: mail@equaljusticelawgroup.com

Attorney for Debtor,
MICHAEL YBARRA ,

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No. 2019-25214 |
| MICHAEL YBARRA , | Doc. No: DEF-002 |
| Debtors. | DECLARATION OF MICHAEL YBARRA IN SUPPORT OF MOTION TO CONFIRM SECOND AMENDED CHAPTER 13 PLAN |
| | Date:　April 21, 2020<br>Time:　10:00 A.M.<br>Judge:　Christopher D. Jaime<br>Place:　Department B, Courtroom 34<br>　　　　United States Bankruptcy Court<br>　　　　500 I Street, Sacramento, CA |

I, MICHAEL YBARRA, hereby declare as follows:

1.  I am a Debtor in the above-entitled action.  If called as a witness to these proceedings, I could and would affirm that the facts stated herein are true of my own personal knowledge, except those facts alleged on information and belief, and as to those facts I believe them to be true.  Any fact stated herein alleged on information and belief is preceded by the following clause, "I am informed and believe and thereon on allege that ..." I am over the age of 18 years.  I am not subject to any condition nor under influence of any substance which could impair my ability to affirm the facts stated herein.

## **DURING BANKRUPTCY**

2. The petition in this case was filed on August 20, 2019, due to an over extension of debt which I could no longer afford to service.

3. The Meeting of Creditors was held on October 2, 2019, and continued to October 16, 2019.

4. On October 4, 2019, my trustee filed an Objection to Confirmation because I failed to bring my Social Security card to the Meeting, which resulted in the Meeting of Creditors being continued to October 16, 2019. On October 24, 2019, the trustee withdrew his Objection to Confirmation.

5. On October 16, 2019, the Motion to Confirm the First Amended Chapter 13 Plan was filed. On December 2, 2019, the trustee filed an Opposition to the Motion to Confirm the First Amended Chapter 13 Plan. On December 17, 2019, the Court denied the Motion to Confirm the First Amended Chapter 13 Plan.

6. On February 4, 2020, the trustee filed a Motion to Dismiss.

## **SECOND AMENDED CHAPTER 13 PLAN**

7. The Second Amended Chapter 13 Plan is being filed because I needed to propose a more feasible plan. The proposed Second Amended Chapter 13 Plan provides for the following creditors:

**A. Class 1 Creditor- Lakeview Loan Servicing, LLC c/o Cenlar FSB**

8. The chapter 13 plan provided for Lakeview Loan Servicing, LLC c/o Cenlar FSB as Class 1 Creditor with the total amount of arrears being forty-one thousand four hundred thirty-one and 99/100 dollars ($41,431.99).

9. On October 29, 2019, Lakeview Loan Services, LLC c/o Cenlar FSB filed a Proof of Claim. The total amount arrears listed within the Proof of Claim was forty-one thousand four hundred thirty-one and 99/100 dollars ($41,431.99) and the ongoing monthly payment was listed at two thousand six hundred twelve and 86/100 dollars ($2,612.86).

10. The Second Amended Chapter 13 Plan provides for Lakeview Loan Services, LLC c/o Cenlar FSB as Class 1 Creditor with the total amount of arrears of forty-one thousand four hundred thirty-one and 99/100 dollars ($41,431.99) and the ongoing monthly payment as two thousand six hundred twelve and 86/100 dollars ($2,612.86).

**B. Class 2 Creditor- Twenty-One-Eighty-Five, LLC c/o State Farm Bank**

11. The Chapter 13 Plan provided for Twenty-One-Eighty-Five, LLC c/o State Farm Bank as a Class 2 Creditor in the amount of thirteen thousand five hundred forty-one dollars ($13,541), with an interest rate of 4.84 percent (4.84%).

12. On January 9, 2020, Twenty-One-Eighty-Five, LLC c/o State Farm Bank filed a Proof of Claim in the amount of eleven thousand three hundred sixty-eight and 97/100 dollars ($11,368.97).

13. The Second Amended Chapter 13 plan proves for Twenty-One-Eighty-Five, LLC c/o State Farm Bank as a Class 2 Creditor in the amount of eleven thousand three hundred sixty-eight and 97/100 dollars ($11,368.97), with an interest rate of 4.84 percent (4.84%).

### Good Faith: Petition and Plan

14. The petition has been filed in good faith in an effort to pay the secured and priority debts and pay as much as I can afford during the course of the plan to the non-priority, general unsecured debts. I believe that the proposed Chapter 13 Plan is in the best interest of all interested parties. Further, I am unaware of any provision in the proposed modified plan which are or may be forbidden by any provision of law.

### Post Petition Claims

15. The Second Amended Chapter 13 Plan does not provide for nor include any post-petition claims.

### Executory Contracts and Unexpired Leases

16. There are no executory contracts nor unexpired leases at issue in this proceeding.

### Re-vest

17. The Second Amended Chapter 13 Plan provides that the assets of the bankruptcy estate shall re-vest to the Debtor until conclusion of the case.

### Contractual Agreements

18. The Second Amended Chapter 13 Plan does not propose to alter any contractual agreement to repay any loan described in Section 362(b)(19). Therefore, I have provided the same treatment for each claim within a particular class of claims.

### Defaults

19. The Second Amended Chapter 13 Plan pays any default within a reasonable time and maintenance of payments which become due after the while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

**Interest**

20. The Second Amended Chapter 13 Plan provides for the payment of interest accruing after the date of the filing of the petition on unsecured claims that are nondischargeable pursuant to 11 USCS Section 1328(a), except that such interest may be paid only to the extent that the debtor has disposable income available to pay such interest after making provision for full payment of all allowed claims; and includes any other appropriate provision not inconsistent with this title. Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

**Fees**

21. I have paid all fees or charges required by the Court.

**Assets and Exemptions**

22. The value of the real and personal property has been listed within Schedules A and B. All of these assets have been exempted under California C.C.P. § 704.010 et. sec. or C.C.P § 703.140(b).

**Chapter 7 Liquidation**

23. To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. In addition to an analysis of Schedules A, B, and C, the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C") was used to compute a

Chapter 7 liquidation test with figures from 6 months of pay advices prior to the filing. According to the Form B22C the household annualized current monthly income is twenty-two thousand four hundred forty-nine and 12/100 dollars ($22,449.12). The median family income for the applicable state and household size is ninety-six thousand eight hundred thirteen dollars ($98,813). According to the calculation required by the Form B22C the applicable commitment period is three years. There is no disposable income determined under section 1325(b)(3).

**Feasibility**

24. Having reviewed the Chapter 13 Plan, including the "Plan Payments and Term" (which outlines both the monthly payments to the Chapter 13 Trustee and the period of time that I will make those payments), as well as the applicable "Additional Provisions," if any, I believe that I will be able to tender the proposed payments to the Chapter 13 Trustee; and, I am willing to do so.

**Income and Expenses**

25. My income was calculated by reviewing my wife's income for last year and my pay advices. The average income listed within my Schedule I is five thousand four hundred fifty and 83/100 dollars ($5,450.83). The total monthly expenses listed within the Schedule J are two thousand forty and 83/100 dollars ($2,040.83). I can afford this payment because the disposable income is three thousand four hundred ten dollars ($3,410).

26. I have filed the updated Schedule I and Schedule J concurrently to show the current income and expenses. The changes to the Schedule I are as follows:

**A. Jenny Ybarra's Income**

25. My previous Schedule I listed my wife's income, Jenny Ybarra, in the amount of nine hundred dollars ($900). My wife's income is now less, therefore, we have changed it on the updated Schedule I. My wife's income is seven hundred twenty 83/100 dollars ($720.83).

**B. Childcare and children's education expenses**

26. My childcare and children's education expenses were listed as four hundred fifty dollars ($450). This was incorrect. I have been spending two hundred eighty and 83/100 dollars ($280.83) per a month on child care expenses.

27. I can afford the payment increase month 25 because my wife will be earning more money. She is a relator and is building a business. We believe that her income will be higher in month 25 and she will be able to afford to contribute to the chapter 13 plan.

### Disposable Income

28. The projected disposable income has been devoted to the plan. I am funding this plan solely from the contributions of the future monthly disposable income. I have not proposed the sale or liquidation of any property in order to fund any part of the proposed plan

### Domestic Support Obligations

29. I do not have any domestic support obligations.

### Tax Returns

30. I have filed all federal, state, and local tax returns required of me for tax periods ending four years prior to the petition date.

### Confirmation

31. I ask that the Court confirm this Second Amended Chapter 13 Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 13, 2020         /s/ Michael Ybarra
                                 MICHAEL YBARRA,
                                 Debtor.